IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IMCO INTERNATIONAL, INC.<br>458 Locust Street<br>Burlington, Ontario, Canada L7S 1V1<br><br>        Intervening Plaintiff,<br><br>v.<br><br>M/V SANKO MINERAL, her engines,<br>equipment, tackle, appurtenances, etc.,<br>*in rem*,<br>        Defendant. | *<br>*<br>*<br>*<br>*<br>*    C.A. No.: JKB12-CV-1382<br>*<br>*<br>*<br>*<br>* |

\*       \*       \*       \*       \*       \*       \*

## IMCO INTERNATIONAL'S VERIFIED INTERVENING COMPLAINT

Intervening Plaintiff, Imco International Inc. ("IMCO"), and designated as one of the "Intervening Borusan Plaintiffs" in the seizure documents filed simultaneously herewith, through its undersigned counsel, hereby sues Defendant, the M/V SANKO MINERAL *in rem*, and states further as follows:

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h). The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2.      This Complaint is also brought pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. IMCO seeks an *in rem* order of arrest of the Defendant M/V SANKO MINERAL as to its claim against the M/V SANKO MINERAL pursuant to Rule C.

3.      Venue is proper in this Court because the vessel is within the District.

4. At all material times, Plaintiff, IMCO International, Inc. was and now is a corporation, with an office and principal place of business at Burlington, Ontario, Canada L7S 1V11770 St. James Place, Suite 550, Houston, Texas 77056.

5. The M/V SANKO MINERAL is an ocean-going vessel owned by The Sanko Steamship Co., Ltd, ("Sanko"), documented under the flag of Japan, and is currently within the District of Maryland and within the jurisdiction of this Honorable Court. At all material times, Sanko was and now is a foreign corporation with its principal office located in Tokyo, Japan and is an owner and charterer of commercial, ocean-going vessels, including the M/V SANKO MINERAL.

6. On or about April 6, 2012 IMCO delivered a cargo of 3,247 metric tons of steel pipes to be loaded upon the M/V SANKO MINERAL and carried from Gemlik Port, Turkey to Houston, Texas (the "IMCO Cargo"). Said IMCO cargo was delivered to the vessel in good order and condition, to Defendant and Sanko, as common carriers, and. Defendant and Sanko then and there accepted the IMCO Cargo so delivered, and issued bills of lading. The freight for carriage of that cargo was $191,573.00 and it was prepaid as to the IMCO Cargo. In consideration of the prepaid freight and any other agreed freight, thereupon paid or agreed to be paid, Defendant and Sanko agreed to transport the IMCO Cargo to the Port of Houston, Texas and deliver the IMCO Cargo in like good order and condition. The IMCO Cargo is owned by IMCO and as of today has a market value of approximately $3.244 million.

7. IMCO at all material times was the owner of the IMCO Cargo and/or the lawful holder of the aforesaid bills of lading covering the IMCO cargo.

8. Both Sanko and the vessel as common carriers owed IMCO a duty in tort to furnish a financially seaworthy vessel.

2

9. Due to the poor financial condition of Sanko, a number of creditors owed millions of dollars by Sanko, filed attachment and arrest claims under Rules B and C in this action pursuant to which the M/V SANKO MINERAL was first attached on or about May 7, 2012 in Baltimore.

10. In such attachment/arrest actions vessel owners and/56or their insurers typically post security so that a vessel can be quickly released to continue on a voyage and deliver cargo without delay. However due to the poor financial condition of Sanko, Sanko has been unable to post the appropriate security.

11. As a result of the above, the M/V SANKO MINERAL has remained attached within the District of Maryland for over a month with the IMCO Cargo trapped on board.

12. Defendant and Sanko have breached their tort duty to deliver a financially seaworthy vessel.

13. Defendant and Sanko have also failed to deliver the IMCO Cargo to IMCO at the Port of Houston, Texas, or at any location, in breach of Defendant and Sanko's obligations and duties under the bill of lading.

14. Defendant and Sanko's actions aforesaid are also a conversion of the IMCO Cargo to their own use.

15. All conditions precedent required of IMCO and its predecessors in interest in the IMCO Cargo have been performed.

16. It is estimated that the IMCO Cargo will suffer a loss in market value of at least $350,000 and could also suffer even greater market loss. It is also estimated that the cost to discharge the IMCO Cargo to a Baltimore warehouse is approximately $32,500. The cost to store the IMCO Cargo in Baltimore pending transportation is under investigation. The cost to transport the IMCO Cargo from Baltimore to Houston, Texas is estimated to be at least $295,000[1]. Further, freight has been prepaid as to the IMCO Cargo in the amount of $191,573.00 as noted above.

---

[1] IMCO reserves the right to assert the discharge and trans-shipment costs as custodial expenses.

Thus IMCO's damages incurred as a result of the above claim(s) totals at least $869,073 plus attorney's fees and costs, and could be over $3,200,000 million if the IMCO Cargo remains trapped on board the vessel.

17. As a result of its claim(s), IMCO possesses maritime liens against the M/V SANKO MINERAL.

WHEREFORE, IMCO prays:

(a) That a warrant for the arrest of the M/V SANKO MINERAL, her engines, boilers, tackle, appurtenances, etc., be issued and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid; and

(b) That a judgment may be entered in favor of IMCO for the amount of its claim(s), with interest and costs, and that the M/V SANKO MINERAL, her engines, boilers, appurtenances, etc., may be condemned and sold to pay the same; and

(c) That Sanko be required to appear and answer all and singularly the matters aforesaid and that the Plaintiff may have a judgment for the amount of its damage with interest and costs.

(d) That IMCO may have such other, further and different relief that may be just in the premises.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:    (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:    (713) 222-1359
E-mail: dmartin@hillrivkins.com

_____
James D. Skeen #00010
Skeen & Kaufman LLP
911 N. Charles Street
Baltimore, MD 21201
Telephone: 410-625-22252
Telefax: 410-625-2292

*Attorneys for Intervening Plaintiff
IMCO International Inc.*

## CERTIFICATE OF SERVICE

On the 18th day of June, 2012, a true and correct copy of the foregoing was sent via electronic service, to:

Caitlin Q. Vandevander, Esq.
Geoffrey S. Tobias, Esq.
Ober Kaler Grimes and Shriver PC
100 Light Street
Baltimore, MD 21202

David W. Skeen, Esq.
Meighan G. Burton, Esq.
Wright Constable and Skeen LLP
100 N. Charles St. 16th Flr.
Baltimore, MD 21201

Casey D. Burlage, Esq.
John R. Keough, III, Esq.
Clyde and Co. US LLP
405 Lexington Ave. 16 Flr.
New York, New York 10174

Alexander M. Giles, Esq.
Semmes Bowes and Semmes PC
25 S. Charles St., Ste. 1400
Baltimore, MD 21201

Patrick F. Lennon, Esq.
Lennon Murphy Caulfield and Phillips LLC
420 Lexington Ave., Ste. 300
New York, NY 10170

Harold M. Kingsley, Esq.
Law Office of Harold M. Kingsley

91 W. Cherry St.
Hicksville, NY 11801

Laurie B. Goon, Esq.
Robert B. Hopkins, Esq.
Duane Morris LLP
111 S. Calvert St. Ste. 2000
Baltimore, MD 21202

Jason W. Gaarder, Esq.
West and Gaarder LLC
409 Washington, Ste. 1010
Baltimore, MD 21204

William R. Bennett, Esq.
Bennett Giuliano McDonnel and Perrone LLP
494 8th Ave., 7th Flr.
New York, New York 10001

## VERIFICATION

STATE OF TEXAS      )
                    :  SS:
CITY OF HOUSTON     )

Dana K. Martin, being duly sworn, deposes and says:

I am a member of the bar of the State Bar of Texas and a member of the firm of Hill Rivkins LLP, attorneys for Plaintiff.

I have read the foregoing Complaint and I believe the contents thereof are true.

The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

The source of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Dana K. Martin

Sworn to before me this
___ day of June 2012.

_____
Notary Public



ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016