IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **EVRIDIKI NAVIGATION, INC.,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL No. 12-cv-1382-JKB |
| **THE SANKO STEAMSHIP CO., LTD.,** *et al.*, | * | |
| Defendants | * | |

## ORDER

The Court has reviewed the factual findings and recommendations made by Chief Magistrate Judge Grimm during the evidentiary hearing of June 21-22. It is clear that if the Court were ultimately to adopt these findings and if it were further to enforce the alleged maritime liens of the Bank of Tokyo-Mitsubishi, WBC, and the various cargo parties against the M/V SANKO MINERAL, then the Rule B attachments of the Liquimar Plaintiffs and Knightsbridge would be futile. Accordingly, the resolution of this issue will turn on the Court's ruling with respect to the various legal arguments advanced by the parties regarding the validity and enforceability of those liens, as well as any objections they may have to Chief Magistrate Judge Grimm's findings of fact. Accordingly, in the interest of expediting the resolution of this case, the Court is ordering the following briefing schedule:

1. No later than the close-of-business on Thursday, June 28, 2012, each side/party[1] shall file a brief, setting out any arguments it wishes to present with respect to the following issues:

---

[1] Parties whose interests are aligned in this dispute are strongly encouraged to file joint briefs, where possible, to avoid unnecessary duplication of argument. Parties are not prohibited, however, from filing independently where necessary to protect their interests.

    A.   Whether this Court possesses equitable authority to vacate a valid Rule B attachment on grounds of futility;

    B.   Whether the Bank of Tokyo-Mitsubishi's foreign preferred ship's mortgage against the M/V SANKO MINERAL should be "equitably subordinated" to the *in personam* claims advanced by the Liquimar Plaintiffs and Knightsbridge against Sanko;

    C.   Whether the choice of law provisions contained in WBC's charter party with Sanko prevent it from enforcing a maritime lien in this case;

2. No later than the close-of-business on Friday, July 6, 2012, each side/party shall file a response brief, setting forth any rebuttal argument it may wish to offer;

3. Also no later than the close-of-business on Friday, July 6, 2012, any party that wishes to object to the factual findings and recommendations made by Chief Magistrate Judge Grimm during the evidentiary hearing shall submit a brief explaining the grounds of its objection;

4. No brief is to exceed 15 pages of double-spaced, 12-point font text;

5. No discovery on any of the above-mentioned issues will be allowed at this time;

6. This order supersedes any briefing schedule ordered during the evidentiary hearing.

Dated this 22nd day of June, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge